Your Honor, this case is 1-2-15-1190 in the state of Illinois, Appalachia, Appalachia. We have two men, both men of color. Arguably on behalf of the defendant's felons, Ms. Sherry R. Silver. Arguably on behalf of the appellant of Appalachia, Mr. Ivan Oliver Taylor. All right, Ms. Silver. Good morning, Your Honors. Counselor, may it please the Court, my name is Sherry Silver and I'm representing Henry Mack on behalf of the State Appellant Defender. Your Honors, Henry Mack was convicted of predatory criminal sexual assault following a bench trial in 2008. At the time, he testified in his own behalf. His attorney, Robert Nolan, at the start of his own testimony, brought out that Mr. Mack had a 1993 conviction on a drug offense. He also brought out that Mr. Mack had been sentenced to eight years on that offense. He was released from prison in November of 1997 and the bench trial here was in December of 2008. Clearly, that is beyond the Montgomery rule of ten years. It would not have been admissible had the state attempted to use it as impeachment if Mr. Nolan had understood the law. He would have objected to it and it would have been sustained. The issue of Mr. Nolan's ineffectiveness in bringing that out at the time was raised in the amended post-conviction petition that was filed in 2014. It went to a third stage hearing at which Mr. Nolan testified. He admitted that he fronted the prior conviction in an attempt to prevent the state from bringing it out and unduly prejudicing Mr. Mack. In ruling on the post-conviction petition, Judge Stuckert found that his admission was not going to be dispositive. She had to look at whether or not Mr. Mack suffered any prejudice as a result of Mr. Nolan's error. Did she ever acknowledge, I'm assuming she was the trial judge as well. Yes. Did she ever acknowledge in her decision that she had considered that? Because there are some cases cited where the judge actually does say, I took into account this prior conviction. I don't recall anything where she actually said that or even alluded to it. She does not. She does not say that she considered it. What she does say is, first she talks about in the written ruling on the post-conviction petition. She writes about People v. Sanchez, which is one of those cases where the judge actually said that he noted that he considered the prior conviction. She does not say she considered it. On the other hand, she doesn't say she did not consider it. What she says is the record indicates that it was not considered. That's a different story. That's a totally different consideration. A post-conviction petition, you're not looking at what's on the record. Post-conviction, you're supposed to be considering things that may have occurred outside of the record. That's the whole purpose. But isn't there a presumption that she didn't consider it? There's a presumption that a trial judge is going to consider only admissible evidence. That's true. But there's no way to tell from the way she wrote this ruling that it was or was not considered. If she had come out and said in her written ruling on the post-conviction petition, you're right. It came in. I didn't consider it. That would have been great. But right now we're in limbo. We have no idea. And I understand that I'm trying to prove a negative. I totally get that. The problem is that's what the problem is. She was asked to consider whether or not there was ineffective assistance of counsel. She didn't answer that question. She did not answer the question of whether or not she was unduly influenced by the admission of that. And that's your argument in response to counsel's argument in your reply brief. You said that this improper admission could easily have influenced the court's credibility determination. Yes. Is that enough to overcome the presumption? Yes, I think it is. I think the fact that we're in limbo at least would have required some sort of a finding from her on the record, whether it goes back for a further hearing on the third stage or reversing and sending it back for a new trial, at which this information definitely will not be considered because it's not going to be admitted. It's not going to come into evidence. That's where the problem is. We're looking at a manifest error here, a manifest error determination. And the question is, is there an opposite conclusion from what Judge Stuckert entered, an opposite conclusion that's going to be clearly evident and indisputable? And we're saying yes because it does leave this so unanswered that you can't answer yes or no. This court cannot answer yes or no, whether or not she considered it. In fact, when she entered the ruling at the bench trial in 2008, she started out by saying, first she reviewed the charges, but then she said that she's the determiner of credibility. And she went through a 10-page ruling from 580 to 589 in the record, 10-page ruling. She talked about DH's credibility. And she mentioned the defendant maybe three times. During her entire ruling, she mentioned the defendant three times. One is at 584, she said that the defendant testified that he was unemployed during the time period that these acts were alleged to have occurred. DH's testimony corroborated that because DH testified that he wasn't working. The next reference was at 587, and Judge Stuckert says that because he was unemployed, he was in a position where he could place DH in a position where she would be subject to some acts. Now, how she concluded that, I'm not sure, because there was also testimony that is not referenced in her bench trial ruling that talks about the aunts, Kimmy and Akina. There's inconsistent testimony about Kimmy and Akina, whether or not they lived at the house and would have cared for DH and the son, PPM. So there's inconsistent testimony there. But Judge Stuckert doesn't talk about Kimmy and Akina in her credibility determinations. She only talks about DH. She does spend one paragraph about Caprice. Caprice is Henry's brother. Who cares about Caprice? Well, she did. She said that his testimony was such that she could not accept it as credible. I mean, so that was a concern of hers. But the question is the credibility of Henry versus DH, not Caprice. Henry testified as to what his activities were. He testified about, yes, he was unemployed, but he was, what was the phrase he used, a street runner or something like that, that he came and went from the house, and that he was not the primary caregiver for the children. And if Kimmy and Akina actually were there, they were there at the time that something allegedly may have occurred, or they were the caregivers when Henry was out running the streets. We don't know that because it's not in Judge Stuckert's bench trial findings. We don't know whether or not those prior convictions may have influenced her thought process in determining Henry's credibility because there's nothing about Henry's credibility. But don't we start with the presumption that the trial court did not consider inadmissible evidence and then look to the record to rebut that presumption? You want us to start with the presumption that if she doesn't say, I didn't consider it, therefore she considered it. I don't know whether I'm flat out saying she didn't consider it. I'm saying we don't know. There is enough of a question here that it's unanswerable. We start with the presumption that she did not, whether it's written or not, and then we look to the record to rebut that, not we look to the record for an answer. I understand that. Okay. But the problem is there's nothing in the record that shows that she considered Henry's credibility. There's no findings of his credibility at all. Perhaps she found him incredible. Then why did she say that? Why didn't she say that on the record? Why didn't she say that in her ruling on the post-conviction petition? I didn't consider that, Counselor. I didn't consider these prior convictions because I knew that they were improperly admitted. Maybe she figured that you have the victim's testimony, you have the defendant's testimony, and she clearly has said that she believed the victim. Clearly. Well, I mean, if one person says black, the other person says white, and I say I clearly believe one, am I kind of not believing the other? I don't know if it's that diametrically opposed. The problem is you have a case like People v. Sanchez. And in Sanchez, yes, the judge specifically stated that they considered the prior conviction. But the other statement that's important from Sanchez is that in that case, as well as Valentine, which we rely on, in both of those cases you have two vastly differing accounts. And in Sanchez, the court said that the trial court was required to decide the credibility of both sides. One would presume, then, that there has to be something on the record that indicates that the credibility was actually considered and a determination was made. Judge Stuckert made a point of saying she had all these other considerations, all these things to consider in terms of what to look at for determining credibility. One of the things she said was other factors. Well, what are these other factors? She talks about D.H. She talks about Caprice. She doesn't really talk about Akina. She doesn't really talk about Kimmy. Kimmy didn't testify, but there was information that Kimmy lived there. I mean, there was inconsistent testimony that Kimmy lived there during some of the time periods. And I'm saying there. There were four different residences. It's in the residence in the household. Well, it's also reported that her brother is living there, and at almost all times that are being identified by D.H., he's someplace in the vicinity. That's right. Whether he's in the backyard or he's in the room that he actually shares with the child. I mean, she's cognizant of those things, but she's not using them as dispositive in her decision, which, you know, I think is similar to what she may have done or what Justice Burke just asked about. Well, if she really, really believes D.H. and the defendant's story is diametrically opposed, then she's not believing him. But P.M. was there at the time he was out playing outside, whatever the deal was. He was around at the time these acts allegedly occurred. That's true. And she doesn't talk really about him. She talks about, in the bench trial ruling, she talks about how it doesn't matter if there was one person or 20 people in the household. These types of acts occur in secret, and that's essentially what she was saying. And that's how D.H. testified. They were done in isolation from anybody else. But that doesn't – she still does not take into consideration the testimony that did come in about how Alyssa, her mother, would be coming home from work at about the time that these acts supposedly occurred. She doesn't make a full credibility determination. She chose to believe this child, and I don't mean to sound cold-hearted, but it's almost as if she believed the child because she was a child and these acts are a horrendous type of occurrence for a child. I totally understand that. But is she not? But maybe she believed the child because the acts described by the child were very specific and were acts not likely to be known to this child other than maybe through the pornography tape that was also alleged. To have been involved in these transactions. Or they were acts that were perpetrated upon her by somebody else. That's always a possibility. If there are other people in the household and people are coming and going, perhaps it wasn't Henry Mack who perpetrated, and we look to the DNA result for that answer. D.H. said that some of these acts occurred while she was sitting on that purple beanbag chair, and there was a stain found, the DNA was tested, and it did not match Henry Mack. Judge Steckler doesn't talk about that either, really, in her bench trial ruling. So there's a lot of unanswered questions, primarily the one whether or not the fact that these prior convictions might have influenced her. There was one. You keep saying convictions, but there was only one, wasn't there? Yes. I thought I missed one. No, there was only one, the drug offense. But we do know that she considered prior convictions, plural, in terms of Caprice's testimony. She talks about Caprice's testimony in a paragraph of her ruling, and she says, I believe him because of his prior convictions. So if she made that finding for Caprice, whose testimony really was kind of off to the side, why didn't she make that similar ruling as to Henry Mack? It could have easily been stated on the record, I know, counsel, that this prior conviction came in. I know that it's beyond the Montgomery rule. I'm not considering it. It would have been that simple to make that statement. Well, Caprice was sort of alibying the defendant. I mean, that's pretty significant. You know, he couldn't have done it if he isn't there or if I'm with him, and I didn't see anything. I mean, that's a pretty significant defense strategy. I don't know if it was an actual alibi. I think Caprice's testimony went to he lived in a different residence. He lived with them for a short period of time. That's true. He testified to that. But he also testified that he lived someplace else and that D.H. would come to his house and D.H. would hang with his four sons and things like that. I don't know that it was an actual alibi. I think it was a situation where he was around. Well, he wasn't testifying to the defendant's character. He was giving the defendant some fuel for it couldn't have happened because of this, which is sort of like an alibi. Right. But they never did give notice of an alibi. Right. But we do maintain that there was manifest error here, that Judge Stucker could have very easily put in her post-conviction petition ruling that she did not consider this. All she said was, I considered what was indicated by the record. That doesn't answer the question of what she actually considered. And that's what the question was raised in the post-conviction petition. So we're asking that her denial of the post-conviction petition be reversed and that this go back for a new trial. Can I ask you a quick question about the record? Sure. The final order was entered 5-1 of 15, and your brief said that the motion to reconsider was filed 6-22 of 15. There was actually a motion to reconsider the denial of the post-conviction petition that was filed on May 1st of 2015. Mr. Mack included just some questions about Mr. Criswell, who was the appointed counsel, of his representation. It was supplemented in June. I know it was supplemented in June. I looked in the record. I didn't see that one. Maybe I just missed it. Is that where it was? It's at page 291. C-291? Yes. And that was filed on the actual day? Yes. It's handwritten, so I'm sure he sat there in court and just wrote it out. I don't know that for a fact. I'm just guessing.  All right. Well, I'll check that. Thanks. Thank you. Thank you. Mr. Taylor. Good morning. Good morning. May it please the Court. My name is Ivan Taylor. I'm here representing the people in the case against Henry Mack. The people was to focus not on the merits of the actual guilt, but on the claim by Mr. Mack in his post-conviction petition that his trial   but on the claim by Mr. Mack in his post-conviction petition that his trial was ineffective. And it's our argument that trial counsel, regardless of his actions, they did not affect the outcome of the trial. And how do we know that from this record? From this record, from People v. Jones and People v. Burton, we know that for a bench trial, when the judge says as a trial fact, there's a presumption that the judge is only going to look at the admissible evidence. And from this record, there's no indication that the judge looked at any evidence that was not permitted, specifically the prior conviction of Mr. Mack. How would the judge have known that it was not? Was the defendant's release date part of the trial? We heard that he was convicted in 93. His attorney brought that out and that it was an eight-year sentence. I do not recall from the record of the trial itself or not the release date was stated during that trial. I know it was stated during the post-conviction hearing, but as we know, that's the presumption that we have. The presumption is that the trial court is going to follow the law correctly and it's up to the defendant to find the evidence to indicate that the trial court did it, either in the statement of the trial court itself or for some other evidence. That's the point of post-conviction proceedings is to bring in outside evidence that would not normally be found within the record itself. From what we have from both the initial trial and from the post-conviction proceedings, that all the defendant brought forward was just a statement from his trial attorney stating the reason why he brought forth this prior conviction. Is there any possibility, although it seems unlikely just looking at the numbers, is there any possibility that defense counsel didn't do the math correctly and thought it was within the 10 years and made that mistake? That could be a possibility, unfortunately. Can you see that any place in the record? He didn't state where or not he did the math wrong at all. He just seems to, he was the only person that he should bring this forward just to prevent the state from using it themselves. However, as you see from the trial record, even though this information was brought forward, once it was stated, it was never mentioned again throughout the entire trial. The state never tried to use it against the defendant. It was never brought up during closing arguments. The judge never mentioned it during her ruling. It was just pretty much a blip on the radar, which meant effectively nothing. And because that had no impact on the trial itself, there was no ineffective assistance of counsel. And by the ineffective assistance of the judge, the trial court was correct to dismiss the post-conviction petition at the third stage. Counsel argued that there's another issue in Sanchez, and that is that the court should have made a determination of the credibility of the defendant. And here, it's not mentioned anywhere. Whether or not the court should have made a determination, that's not required. In order to – a conviction can be sustained on the testimony of one witness alone. So there's no requirement that a court have to determine whether or not the defendant, if they testify, was credible. If there's still a complaining witness who testifies and the judge finds that person credible, that's sufficient to sustain the conviction. Well, what does then that statement in Sanchez mean? The court should have made a determination of the defendant's credibility. I mean, was that just something they said because it looked good, or why did they say that in terms of that record and then this body of law? In terms of that record, I can't speak for those judges as to why they put that statement in, but that doesn't really correlate with what other aspects of the law and case law and the requirements that judges must – requirements that judges in order to find guilt or innocence. And also doesn't correlate with the presumptions in the law as to whether or not the judges follow the law correctly. So as to whether or not the judge is supposed to find, there's no – outside of that one statement alone, I don't believe any other court has found that the court must find whether or not the defendant is credible. Justice Jorgensen, as counsel, is it our job to see – to forget the presumption and look to see if there's been a mistake, or do we start with – and I'm You start with the presumption and read the record with that in mind. What's your position? You have to start with the presumption. It's up to – the defendant is the one bringing this claim. The defendant is the one who has to overcome the hurdles and the burdens. And one of those burdens is the presumption that the trial court did everything correctly when they're acting as a triarist fact. And unfortunately, the defendant did not overcome that burden in this case. Let me speak for a moment as to People v. Sanchez or People v. Valentin. First, for People v. Valentin, the difference between that case and this one is that that was a jury trial. And in jury trials, unfortunately, there's no presumption that the jury would absolutely know the law and would know when to not utilize improper evidence. And as for Sanchez, that difference is quite clear. That court did make a termination as to the credibility of the defendant. And that termination was because of the prior convictions that defendant had. Thank you. Unless there are any more questions. Well, People maintain that the trial court correctly dismissed the post-conviction petition at the third stage and that there was no evidence to show that the trial jury's performance was deficient or required a violation of the defendant's constitutional rights. And we ask that you affirm the decision below. Thank you. Thank you. Just a few points, Your Honors. It was started out that this is not a question of guilt. He didn't want to focus on whether the defendant was guilty or not. That's not the question. The question under an ineffective assistance of counsel claim is whether or not there's a reasonable probability that the judgment rendered was unreliable, that the outcome would have been different. That's the question. It's not a question of the sufficiency of the evidence. So that's one thing about that argument. Justice Burke, you argued about whether or not the release date was brought out at the trial. No, it was not brought out at the trial. It was, however, Mr. Noland testified to it at the post-conviction hearing. He testified at 801 to 802 that Mr. Mack was released in 1997. The fact that it was not brought out at the trial makes it more likely, then, that Judge Burke was going to consider it as a properly admitted prior conviction because there was no question raised at that point. It was raised later on. And her ruling in the post-conviction petition sort of avoids that issue as well. It avoids that question that maybe everybody did make a mathematical error at the time, as Justice Hutchinson said. Maybe everybody did make a mathematical error and they thought that it was properly admitted. In fact, it was not, and that came out at the post-conviction hearing. It was also argued that the prior conviction was never mentioned again during the trial. That is incorrect. At page 554, the State did argue it. They were talking about how the State had the burden to prove the defendant's age, and they talked about how Caprice testified as to his age and that the defendant was his older brother, so he had to have been older than 17. Then the prosecutor says that Mr. Mack testified that he was 35 or however old he was at the time, and they go on to say, and he had this prior conviction from 1993, Your Honor, and he served eight years. Whoa. They did argue. They did argue that in closing. So that was something, again, that Judge Burke, or excuse me. I was going to say Justice Burke is a little taller than Judge Stuckert. I'm sorry about that. That Judge Stuckert wouldn't have considered it. It was argued to her. It was presented. There may have been a mathematical error. There was nothing about his release date during the trial, and it was brought out improperly. So if he didn't do good time, if for whatever reason he didn't do good time, then he would be in to within the 10 years, right? Probably. I won't say probably. Possibly, yeah. Well, 93, the trial was in 01. No, he was convicted in 93. Convicted in 93, eight-year sentence would bring it to 01, the sentence if he did every day. Right, right. And this trial was in 08? 08. So he had done the full sentence, yeah, and then it would have been under the Montgomery rule. That would have been fine. But nobody brought that out. So there also is the problem that Judge Stuckert, as I said before, looked only to the record. She didn't look to the elements that were outside of the record that are normally considered in a post-conviction petition. So we are arguing that, yes, we have that burden to overcome a whole bunch of things here, the manifest error, the burden of presumption, the presumption that the judge did not consider it. I think we've overcome that. With the improper information being given to Judge Stuckert at the trial, she did. In my mind, as a defense attorney, and knowing that she considered the prior convictions for Caprice, it would have been illogical for her to not have considered the prior conviction for Henry Mack. Unless she just considered the defendant, Mack, so incredible she didn't need anything else. I mean, that's also a possibility. But as you said, she did not make a credibility finding. Exactly. If there's any other questions? Justice Jorgensen. Justice Bowe. Thank you, Your Honor. Thank you both for your arguments here this morning. We'll take the matter under advisement. We will stand in recess to prepare for our next case. Thank you.